[Civ. No. 2686. Second Appellate District, Division One.—January 29, 1920.]

## FRANK HART, Respondent, v. C. H. & O. B. FULLER CO. (a Corporation), Appellant.

[1] LANDLORD AND TENANT—EXPIRATION OF LEASE—RIGHT TO SUBSEQUENT PASTURAGE.—Where a lessee for a fixed term, by an instrument in writing, sells the right to pasture the leased land to a third party, and such instrument provides that "the time of this pasture is not to exceed the day of the expiration of the lease" held by the former, the right of such third person to pasture the land ends on that day, not only by reason of the expiration of the lease held by the lessee, but by the express terms of the conveyance of such right.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. W. Freeman for Appellant.

James W. Griffin and J. S. Larew for Respondent.

SHAW, J.—Upon the trial of this action the court found: "That within one year last past, to wit, in the month of February, 1917, the defendant kept five hundred and eighty (580) head of cattle in a certain pasture belonging to plaintiff for a period of about nine (9) days; and that the

pasture so received by defendant from plaintiff was of the reasonable value of four hundred and thirty-two ($432) dollars,'' and accordingly entered judgment for plaintiff, from which defendant appealed, claiming the finding in question is not supported by the evidence. It appears therefrom that plaintiff, as the owner of certain land in Imperial County, leased the same to Kehar Singh for a term expiring on January 31, 1917; that during the year 1916 Singh in farming the land produced a crop of corn or maize which, about December 9, 1916, was harvested and removed from the land, leaving the corn-stalks standing thereon, which, together with wild oats and other growth, possessed some value for the pasturage of stock; that on said last-mentioned date, to wit, December 9th, Singh by a written instrument sold and transferred to defendant all his title to the corn-stalks so standing and the right to run stock upon the land for pasture, in which instrument it was expressly provided that ''the time of this pasture is not to exceed the day of the expiration of the lease now held by the party of the first part,'' who was said Kehar Singh. On the morning of January 31, 1917, defendant's foreman, knowing the lease terminated on that day, spoke to plaintiff about placing cattle on the pasture, and in reply to him plaintiff stated the lease expired on that day, following which he was entitled to possession. Notwithstanding this conversation and the fact that defendant knew of the expiration of the lease on said date, it caused the cattle to be driven upon the land about 12 o'clock on January 31st, at which time the foreman stated to plaintiff that he would see him further about it. A day or two thereafter, and plaintiff not hearing from the foreman, he phoned to him that some agreement must be made as to the pasture. Thereupon the foreman went to see plaintiff, who told him that the cattle must be removed or defendant pay for the pasture; in reply to which the foreman stated he would have to see the manager about it, and kept the stock on the land.

Upon this showing, as to which there is no conflict in the testimony, it is impossible to perceive how the court could, under the law, have made a finding other than the one complained of. Conceding the corn-stocks and other growth were valuable for feeding purposes, as claimed by appellant, defendant's right to the pasture and use thereof was

in express terms by the sale limited to the expiration of Kehar Singh's lease of the premises, which terminated January 31st, and hence he could not have conveyed to defendant any greater right than he possessed.

[1]   Defendant's contention that it was entitled to enter upon the land and feed the same, not only prior to the expiration of the lease, but for a reasonable time thereafter, finds no support in the law.   In *Ellison* v. *Dolbey,* 3 Penne. (Del.) 45, [49 Atl. 178], it is said: "It is a rule of law, applying generally to the case of landlord and tenant, that all the rights of the latter end absolutely with the tenancy."   Not only under the rule at common law did Kehar Singh's right to the pasture terminate with the expiration of the lease (24 Cyc. 1069), but such is the express provision of the Civil Code, where, by section 820, it is declared: "A tenant for years or at will has no other rights to the property than such as are given to him by the agreement or instrument by which his tenancy is acquired, or by the last section," which section (819) provides that "a tenant for years or at will, unless he is a wrongdoer by holding over, may occupy the buildings, take the annual products of the soil, work mines," etc.   To this rule there is an exception where it cannot be known when the tenant's estate will terminate, as in case of a tenant for life, where the estate is terminated by the act of God.   Defendant's right to pasture the land was not only ended by the expiration of Kehar Singh's lease, under whom it held, but by the express terms of the conveyance to it such right was so limited.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.